UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES N. ALVAREZ, on behalf of himself and as Sellers Representative on behalf of former shareholders of the Marketing Information & Technology Trust and the Direct Mail Credit Data Trust,<br><br>    Plaintiff,<br><br>v.<br><br>CHOICEPOINT SERVICES INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>04 11576 WGY |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PETITION
FOR ORDER COMPELLING ARBITRATION PURSUANT TO
9 U.S.C. § 4 AND COMPLAINT FOR DECLARATORY RELIEF**

Defendant ChoicePoint Services Inc. ("ChoicePoint") has moved the Court pursuant to Rules 12(b)(6) and 12(b)(3) of the Federal Rules of Civil Procedure to dismiss Plaintiff James N. Alvarez's Petition for Order Compelling Arbitration Pursuant to 9 U.S.C. § 4 and Complaint for Declaratory Relief (the "Petition") on the grounds that under the Federal Arbitration Act, 9 U.S.C. § 4, this Court lacks power to compel arbitration outside of this judicial district and the request for declaratory relief fails to state a claim on which relief may be granted. This brief is submitted in support of Defendant's motion.

I.   This District Court Has No Power To Order The Parties
     To Submit To An Arbitration In New York.

The relief sought by Plaintiff's Petition is an order compelling arbitration before JAMS/EndDispute in New York City. Petition, ¶ 23. Under the Federation Arbitration Act, 9 U.S.C. § 4, however, "[t]he hearing and proceedings, under such [arbitration] agreement, shall be within the district in which the petition for an order directing such arbitration is filed." Accordingly, Plaintiff has brought this action in the wrong place. The federal district court in Massachusetts simply has no power to order arbitration to proceed in New York City. Dempsey v. George S. May Int'l, 933 F. Supp. 72, 75-76 (D. Mass. 1966) ("A federal court may only order arbitration in the district in which it sits" (citing 9 U.S.C. § 4; other citations omitted)); R. W. Electronics, Inc. v. Martin Wolf Associates, Inc., 132 F. Supp. 2d 43, 44 (D. Mass. 2001).

Whether viewed as a failure to state a claim upon which relief can be granted or improper venue, the result is the same. The Plaintiff cannot obtain from this Court the relief he seeks here.

II.  Having Initiated An Arbitration Proceeding With JAMS/Endispute, The
     Court Should Refuse To Hear Plaintiff's Request For Declaratory Relief.

Plaintiff also seeks a declaration that Plaintiff has the right to "arbitrate the dispute between them relating to the Earnout Provision" (Petition, ¶ 30), even though he had initiated arbitration by filing a Demand for Arbitration with JAMS/Endispute (the "Arbitration Demand") *before* filing this lawsuit. Petition, ¶ 1 and Exhibit A thereto. Having started the process with JAMS/Endispute, Plaintiff demonstrated that he has no need for Court direction, and his request for such relief should be dismissed.

As to whether arbitration should proceed under Section 1.3(f) or Section 1.3(l) of the Agreement, JAMS/Endispute must decide that issue. See Rule 11(c) of the *JAMS Comprehensive Arbitration Rules and Procedures* (the "JAMS Rules") (available at http://www.jamsadr.com/rules/comprehensive.asp) ("Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.").

Finally, the request for declaratory relief should be dismissed because the Court does not have the power to compel the arbitration to which the proposed declaration relates. When faced with a similar request, Judge Tauro refused to grant the requested declaratory relief:

> The Agreement provides that all disputes related to the Agreement must be arbitrated in California. RWE asks this [Massachusetts district] court to declare that Wolf is not entitled to a fee on the sale to NECX.com. But to make such a declaration requires analysis of the Agreement, and such analysis seems to fall squarely within the arbitration clause.
>
> But if this court determines that the parties' dispute is arbitrable, it lacks authority to enforce the ruling because the Agreement requires arbitration outside the district.

R. W. Electronics at 44.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Petition in its entirety.

Respectfully submitted, this 22 day of July, 2004.



Mary Winstanley O'Connor (BBO# 541708)
Gaffin Krattenmaker & O'Connor P.C.
2400 Prudential Tower, 800 Boylston Street
Boston, Massachusetts 02199-8001
(617) 437-6530
(617) 437-9419 (fax)

Attorneys for Defendant ChoicePoint Services Inc.

Of Counsel:

Ralph B. Levy
James N. Gorsline
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763
(404) 572-4600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAMES N. ALVAREZ, on behalf of himself )
and as Sellers Representative on behalf of )
former shareholders of the Marketing )
Information & Technology Trust and the )
Direct Mail Credit Data Trust, )
)
    Plaintiff, ) CIVIL ACTION NO.
) 04 11576 WGY
v. )
)
CHOICEPOINT SERVICES INC., )
)
    Defendant. )

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading on counsel for plaintiff by causing a true and correct copy of the same to be deposited in the United States Mail, postage prepaid, addressed as follows:

    Deborah L. Thaxter
    David B. Mack
    Nixon Peabody, LLP
    100 Summer Street
    Boston, MA 02110

This 22nd day of July, 2004.

    Mary Winstanley O'Connor (BBO# 541708)
    Gaffin Krattenmaker & O'Connor P.C.
    2400 Prudential Tower, 800 Boylston Street
    Boston, Massachusetts 02199-8001
    Attorneys for Defendant ChoicePoint Services Inc.